**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Eric Christopher PROVENCIO,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Eric Christopher Provencio,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Eric Christopher Provencio,
Defendant—Appellant.**

Nos. 05–30117, 05–30127, 05–30132.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

Leslie K. Baker, Esq., United States of Attorney's Office, Eugene, OR, for Plaintiff–Appellee.

Mark Sabitt, Esq., Eugene, OR, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Eric Christopher Provencio appeals from the 137–month sentence imposed following his guilty-plea conviction for two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and the revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court was not required to find the facts underlying the sentence enhancements beyond a reasonable doubt, *see United States v. Staten,* 450 F.3d 384, 392–93 (9th Cir.2006), nor did it err by relying on hearsay evidence, *see United States v. Littlesun,* 444 F.3d 1196, 1200 (9th Cir.2006). The judicial fact-finding that occurred at Provencio's sentencing did not violate the Sixth Amendment because he was not sentenced pursuant to a mandatory guidelines scheme. *See United States v. Booker,* 543 U.S. 220, 245–46, 259–60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *see also United States v. Ameline,* 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc). The record does not reflect that the district court relied on Provencio's prison records in imposing the challenged sentence enhancements, and the evidence the district court did rely upon was sufficient to support both the threat of death enhancement under § 2B3.1(b)(2)(F), *see United States v. Jennings,* 439 F.3d 604, 613 (9th Cir.2006), and the reckless endangerment enhancement under § 3C1.2, *see United States v. Reyes–Oseguera,* 106 F.3d 1481, 1483 (9th Cir.1997); *see also United States v. Dixon,* 201 F.3d 1223, 1234 (9th Cir.2000) (affirming § 3C1.2 sentence enhancement where defendant drove north-

bound in the southbound lanes of an interstate highway).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.